**Martin Avalos VALDEZ;
et al., Petitioners,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71511.

Agency Nos. A75–302–177, A75–302–
178, A75–302–179, A75–302–180.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Walter Rafael Pineda, Law Offices of
Walter Rafael Pineda, San Francisco, CA,
for Petitioners.

Before PREGERSON, T.G. NELSON,
and GRABER, Circuit Judges.

MEMORANDUM**

Martin Avalos Valdez and his wife and
two children, natives and citizens of Mexi-
co, petition for review of the Board of
Immigration Appeals' ("BIA") summary
affirmance of an Immigration Judge's deci-
sion denying their applications for asylum,
withholding of removal, and cancellation of
removal. We have jurisdiction pursuant to
8 U.S.C. § 1252. We review for substan-
tial evidence a denial of asylum and will
uphold the IJ's decision unless the evi-
dence compels a contrary conclusion.
*Malhi v. INS,* 336 F.3d 989, 992–93 (9th
Cir.2003). We deny the petition.

Mr. Valdez testified that he lost his job
as a miner because of a disagreement
within his union, and he could not find new
work in his town. He further testified
that he never sought work elsewhere in
Mexico. The record does not compel the
conclusion that the petitioners were perse-
cuted on account of an enumerated
ground. *See Gormley v. Ashcroft,* 364
F.3d 1172, 1177–78 (9th Cir.2004) (stating
that economic disadvantage alone is not
grounds for asylum).

Consequently, petitioners failed to es-
tablish eligibility for asylum, *see Acewicz v.
INS,* 984 F.2d 1056, 1061–62 (9th Cir.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

**478**

1993), or withholding of removal, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**